# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| EMMANUEL A. WINTERS, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER DOMBKOWSKI, et al., <br><br> Defendants. | CAUSE NO.: 4:20-CV-3-TLS-JPK |

## OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a Complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the Complaint, Winters alleges that, on March 6, 2013, officers from the "Tippecanoe County Police Department" conducted a search on his residence that was outside the scope of the search warrant. He alleges that the defendant officers violated his constitutional rights by conducting a search beyond the scope of the warrant, by targeting him due to his race, and by damaging property in his residence during the search. Notably, Winters' claims are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common*

*Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). The Complaint is based on a police search that occurred on March 6, 2013. The statute of limitations thus expired two years later on March 6, 2015. Winters did not file the Complaint until December 2019. Therefore, Winters filed this case more than four years too late, and the Complaint is dismissed as untimely.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2008) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

For these reasons, the case is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A.

SO ORDERED on January 30, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT